UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BLADIMIR ZARAGOZA OSORIO,

Petitioner,

v.

TONYA ANDREWS, *et al*.,

Respondents.

Case No. 1:26-cv-08047 (VC)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 3

Petitioner Bladimir Zaragoza Osorio is an immigration detainee proceeding with his second petition for a writ of habeas corpus before this Court. Dkt. No. 1. He last entered the United States approximately seven years ago without inspection by immigration authorities. *See Osorio v. Andrews*, No. 1:26-CV-06398 (VC), 2026 WL 2606457, at *1 (E.D. Cal. Sept. 2, 2026). He has been detained since approximately July 29, 2026 while he awaits the conclusion of his removal proceedings. Dkt. No. 10-1 at 2.

Petitioner previously filed a habeas petition arguing that he was entitled to a bond hearing, and that the Government's failure to provide such a hearing violated his right to due process under the Fifth Amendment. *See Osorio*, 2026 WL 2606457, at *1. The Court granted the petition in part, finding that Petitioner's detention was controlled by 8 U.S.C. § 1226(a), and ordering that he receive a bond hearing pursuant to that statute. *Id*. Petitioner received a bond hearing on September 16, 2026. *See* Dkt. No. 10-2 at 1–4. After that hearing, an immigration judge denied Petitioner's request for release, finding that Petitioner was a danger to the community based on his recent arrest for driving under the influence, as well as a flight risk given that he had not sought immigration relief while living in the United States and was not authorized to work in the United States. *Id*. On September 25, 2026, Petitioner signed the petition now before the Court. Dkt. No. 1 at 18. In this petition, he argues that his continued

detention has become unconstitutionally prolonged, in violation of his due process rights. *See id.* at 9–13.

Respondents oppose relief, arguing first that the petition should be denied under the abuse of the writ doctrine, and because Petitioner must exhaust his administrative remedies by appealing his bond denial to the Board of Immigration Appeals ("BIA") before seeking habeas relief. Dkt. No. 10 at 1–2. They further argue that Petitioner has not made a showing that his detention has become unconstitutionally prolonged. *Id*. at 3.

"Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (quoting *Calderon v. United States District Court*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). However, the Government must first plead abuse of the writ "with clarity and particularity," at which point the burden then shifts to the petitioner to disprove abuse. *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991). Respondents have not met that burden. Their opposition does not identify any claims in the present Petition which were previously decided, or could have been raised in Petitioner's first petition. Further, to the extent this Petition raises a prolonged detention claim, the Court notes that the first petition could not have raised such a claim given that it requires the passage of time.

As to Respondents' exhaustion argument, the Court agrees that "[t]o the extent Petitioner seeks to challenge the immigration judge's bond decision, he has not exhausted his administrative remedies." *Franklin A.U. v. Warden of California Det. Fac.*, No. 1: 6-CV-07567-MWJS, 2026 WL 3011415, at *1 (E.D. Cal. Oct. 7, 2026). The Petition, however, does not raise such a claim. Rather, it argues that Petitioner's detention has become unconstitutionally prolonged. This Court, and not the BIA, is the proper forum for such a claim. *See id*. at *3 (dismissing claim challenging bond determination, but considering prolonged detention claim).

Turning to Petitioner's prolonged detention claim, the Court has already concluded that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *Osorio*, 2026 WL 2606457, at *1. Section 1226(a) authorizes the Government to detain a noncitizen "pending a decision on whether the

alien is to be removed from the United States." 8 U.S.C. § 1226(a). Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of such detention, it cannot be indefinite. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). Relying on the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 703 (2001), the Ninth Circuit has concluded that the Government's detention authority under 8 U.S.C. § 1226(a) is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero*, 534 F.3d at 1063 (citation modified).

Here, Petitioner's current detention has just surpassed two months, which is less than the six-month period the Supreme Court found presumptively reasonable in *Zadvydas v. Davis*. *See Santibanez Vazquez v. Warden of Cal. City Corr. Ctr.*, No. 2:26-CV-00547 DJC SCR, 2026 WL 947251, at *2 (E.D. Cal. Apr. 8, 2026) ("[P]etitioner's roughly three-month detention under § 1226(a) is neither prolonged nor indefinite. It has yet to exceed the presumptively reasonable six-month period of detention identified by the Supreme Court in [*Zadvydas*]."), *report and recommendation adopted sub nom. Vazquez v. Warden of Cal. City Corr. Ctr.*, No. 2:26-CV-00547 DJC SCR, 2026 WL 1147428 (E.D. Cal. Apr. 27, 2026); *see also Prieto-Romero*, 534 F.3d at 1065 (concluding that detention spanning more than three years, "while lengthy, [was] not indefinite"). And Petitioner has not otherwise provided good reason to believe that his current period of detention is not reasonably necessary to bring about his removal.

The court therefore DENIES the petition without prejudice. Considering the foregoing, any outstanding motions are DENIED AS MOOT. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

**IT IS SO ORDERED.**

Dated: October 23, 2026

VINCE CHHABRIA
United States District Judge